# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Military Aircraft Parts | ) ASBCA No. 60139 |
| | ) |
| Under Contract Nos. SPM4A7-12-M-3228 | ) |
| SPM4A7-12-M-3284 | ) |

APPEARANCE FOR THE APPELLANT:          Mr. Robert E. Marin
                                       President

APPEARANCES FOR THE GOVERNMENT:        Daniel K. Poling, Esq.
                                         DLA Chief Trial Attorney
                                       Edward R. Murray, Esq.
                                       Jason D. Morgan, Esq.
                                         Trial Attorneys
                                         DLA Aviation
                                         Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE O'SULLIVAN ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant Military Aircraft Parts (MAP) has timely filed a motion for reconsideration of the Board's decision in *Military Aircraft Parts*, ASBCA No. 60139, 16-1 BCA ¶ 36,390. In that decision, we granted DLA Aviation's (DLA's) motion to dismiss for lack of jurisdiction because we found that MAP's claim constituted a challenge to the propriety of DLA's default termination of two purchase orders[1] more than two years earlier, and that MAP's appeal was therefore untimely filed under the Contract Disputes Act (CDA), *see* 41 U.S.C. § 7104(a). Familiarity with our prior decision is presumed.

The general standards the Board applies in deciding a motion for reconsideration are whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911. Reconsideration is not intended to provide a party with the opportunity to reargue its position. *Precision Standard, Inc.*, ASBCA No. 58135, 16-1 BCA ¶ 36,504 at 177,859. To succeed on a motion for reconsideration, the moving party must show a compelling reason why the Board should modify its decision. *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508 at 174,041.

---

[1] The two purchase orders are hereinafter referred to as contract 3228 and contract 3284.

MAP makes two arguments in support of its motion for reconsideration that it did not raise during the original proceedings. MAP argues that the contracting officer's final decisions (COFDs) informing MAP that contracts 3228 and 3284 were being terminated for default were deficient because they failed to adequately inform MAP of its appeal rights (app. mot. at 2-6). MAP also argues that the parties were mistaken about the interpretation of certain contract terms and that this alleged "mutual mistake" permits the Board to "to employ an equitable remedy finding the termination for default and resulting COFD to effectively be void *ab initio*" (*id.* at 2, 6-7).

MAP's first argument relies on the proposition that the two COFDs failed to inform MAP that it would be required to be represented by an attorney by the Rules of the United States Court of Federal Claims (RCFC) (app. mot. at 4-5).[2] MAP argues that it detrimentally relied upon the allegedly defective COFDs when it elected to proceed before the Court of Federal Claims rather than the Board, and that this detrimental reliance requires the Board to toll the 90-day appeal period set forth in the CDA (*id.* at 5-6).[3]

As support for its argument, MAP cites the Board's decision in *Access Personnel Services, Inc.*, ASBCA No. 59900, 16-1 BCA ¶ 36,407, for the proposition that "unknowledgeable contractors" are not required to investigate their appeal rights (app. mot. at 5). In *Access Personnel*, the contracting officer issued two adverse written decisions, neither of which advised the contractor of its appeal rights. *Access Personnel*, 16-1 BCA ¶ 36,407 at 177,517. In contrast, here the COFDs for contracts 3228 and 3284 both described in detail the procedures contractors may use to appeal an adverse decision:

> This notice constitutes a final decision of the contracting officer from which you have the right of appeal. You may appeal this decision to the Armed Services Board of Contract Appeals. If you decide to make such an appeal, you must mail or otherwise furnish written notice thereof to the Board within 90 days from the date you receive this decision to the following address:
>
> Recorder
> Armed Services Board of Contract Appeals
> Skyline 6
> 5109 Leesburg Pike, 7TH FLOOR
> Falls Church, VA 22041-3208.

---

[2] *See* RCFC 83.1(a)(3).

[3] Since we find that the relevant COFDs were not defective, it is unnecessary to address MAP's arguments regarding detrimental reliance.

A copy of such notice shall be furnished to the Contracting Officer. The notice should identify the contract by number; it should reference this decision and indicate that an appeal is taken therefrom. In lieu of appealing to the Board you may bring an action directly in the U.S. Court of Federal Claims within 12 months after you receive this decision.

(Gov't mot. to dismiss, exs. C, G).[4] This language is substantially the same as the language found in FAR 33.211(a)(4)(v), which implements the CDA's requirement to inform a contractor of its appeal rights, and lists the specific information that contracting officers must include in their COFDs. Absent from both the statute and the regulation is any requirement that the contracting officer inform contractors of the content of the rules of the forums to which they may appeal. We have previously held that contracting officers are not required to advise contractors of the procedural rules of the Court of Federal Claims. *Military Aircraft Parts*, ASBCA No. 60739, 16-1 BCA ¶ 36,528 at 177,945.

MAP's alternate argument of mutual mistake is merely an attempt to invalidate the default terminations via a slightly different path (app. mot. at 2, 6-7). Because MAP's appeal was untimely, we do not have jurisdiction and thus will not consider that argument.

<u>CONCLUSION</u>

MAP's motion for reconsideration is denied.

Dated: 21 February 2017

_____
LYNDA T. O'SULLIVAN
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[4] The contract modifications effecting the terminations contained the same language regarding MAP's appeal rights (gov't mot. to dismiss, exs. B, F).

3

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60139, Appeal of Military Aircraft Parts, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4